# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Vira Rose,**
**Plaintiff Below, Petitioner**

**FILED**

**January 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0205** (McDowell County 14-C-25-M)

**The West Virginia Division**
**of Homeland Security and**
**Emergency Management,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vira Rose ("Ms. Rose"), by counsel Jerome McFadden, appeals the order of the Circuit Court of McDowell County, entered on February 3, 2017, granting Respondent West Virginia Division of Homeland Security and Emergency Management's ("the Division's") motion for summary judgment. The Division appears by counsel Gary E. Pullin.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rose filed a complaint in the Circuit Court of McDowell County asserting that the Division damaged her property by dismantling a radio tower and damaging a transmission building that she claimed to own. During discovery, she executed affidavits explaining that she learned in February of 2012 that the tower "had been torn down" and that wires for the tower had been deliberately cut. Ms. Rose stated that she was a former excavator operator, and it was her opinion that an excavator pulled the tower down. Ms. Rose further asserted that after she found the tower grounded, she began inquiring what happened to it, and her inquiries led her to believe that an electronics technician employed by the Division dismantled the tower, a fact that she asserts the technician admitted to her. Ms. Rose states that the technician later told her the tower fell in a storm.

A building that once served as an office and studio for a radio station sits on Ms. Rose's land; however, she does not own the adjacent parcel on which the tower and transmission building are located. She entered into a lease with Pocahontas Land Company ("PLC") in 2000 for the land on which the tower and transmission building were located. According to the terms

1

of the lease, Ms. Rose, for $400 per year, had "the right of using only for the purposes of operating, maintaining and removing an antenna and transmitter site. . . ." The lease provided in part:

> Upon failure of Lessee to pay said rent or perform or observe any other of the terms and provisions hereof for a period of ten (10) days, Lessor may terminate this lease and reenter the leased premises and eject Lessee there from and hold the same as of its former estate without prejudice to any other legal or equitable remedy for collection of rent or breach of covenant.

The lease also provided:

> In the event Lessee ceases to use the premises for any of the purposes of this lease for a period of ten (10) days then this lease shall be considered abandoned and said premises shall revert to Lessor as of its former estate and Lessor may reenter and take possession of same without any notice whatsoever or any other proceeding being necessary.

Ms. Rose did not operate a radio station, though she applied for a license to operate a radio station several times prior to 2005. She did not make lease payments after 2002. A land agent for PLC wrote petitioner a letter dated August 22, 2011, informing her that she was in arrears in the amount of $3200. He also advised that the lease was terminated for nonuse of the premises and that Ms. Rose had ten days to "remove said tower and appurtenances from the premises." Ms. Rose did not claim the letter, and she stated in an affidavit that the letter was not sent to the address that she provided to PLC. However, the PLC land agent testified that he saw Ms. Rose sometime in the first three months of 2012, and advised her that the lease had been terminated.

The Division filed a motion for summary judgment, arguing that Ms. Rose lacked standing because she had no interest in the damaged property, and that Ms. Rose had produced no evidence showing that the Division had damaged her property. By order entered on February 3, 2017, the court granted the motion upon finding that petitioner had abandoned the lease and lacked standing to bring the action. This appeal followed.

On appeal, Ms. Rose asserts two assignments of error. First, she argues that the circuit court erred in granting the Division's motion for summary judgment because there remained questions of material fact concerning her lease interest and whether forfeiture was appropriately executed. Second, she argues that the circuit court erred in granting summary judgment "sua sponte" on the question of whether she had an ownership interest in the tower and transmission building, inasmuch as those structures were "fixtures" belonging to her because they were connected to the building on her own property by a cable. In turn, the Division asserts a cross-assignment of error, arguing that the circuit court failed to address its argument and grant summary judgment on the ground that Ms. Rose failed to make a prima facie showing that any damages were caused by respondent. These issues are before us pursuant to the circuit court's grant of summary judgment, and our review is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994).

With respect to both of Ms. Rose's assignments of error, we agree with the circuit court that Ms. Rose acquired no ownership interest in the radio tower or transmission building, and that any interest she may have had was abandoned because, at the least, she failed to make lease payments after 2002. Ms. Rose argues that she was entitled to ten days' formal notice of forfeiture; however, it is undisputed that Ms. Rose had made no lease payments for approximately a decade prior to the damage of the tower and transmission building and it is undisputed that she did not operate the transmission site. The lease agreement clearly provided that under either of these scenarios—either failing to make lease payments or failing to use the property as specified—the lease could be terminated after ten days. If terminated for nonuse, the lease provided that no notice was required. The ten years that Ms. Rose failed to make lease payments, together with the time that Ms. Rose failed to use the property, was more than sufficient under the circumstances presented here to support the circuit court's finding of abandonment.

Having resolved the issues presented in Ms. Rose's assignments of error as set forth above, we need not discuss at length the Division's cross-assignment of error, in which the Division asserts that the circuit court failed to address its argument that Ms. Rose presented no evidence showing that the Division was responsible for the structural damage. However, we note that Ms. Rose did not respond to this assignment of error. Rule 10(d) of the West Virginia Rules of Appellate Procedure provides that a respondent's brief must specifically respond to each assignment of error, and that the failure to do so may result in the Court's assumption that "respondent agrees with the petitioner's view of the issue." Rule 10(d) also requires that a respondent's brief conform to Rule 10(c), which describes the required presentation of the petitioner's brief. Our rules ensure fairness, and must be followed by each respective party. Though we do not find that the circuit court erred in not reaching this issue, we agree with the Division that summary judgment would have been appropriate on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 19, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker